**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| OLIVER BELTRAN ESPINOZA and ERIK NERI BELTRAN, <br><br> *Plaintiffs*, <br><br> v. <br><br> HUMMUS GRILL, INC., TAYAWET CORPORATION, and NABIL LOUDANI <br><br> *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 25 C 7419 <br><br> Chief Judge Virginia M. Kendall |

## OPINION AND ORDER

This Court entered an order of default against Defendants Hummus Grill, Inc., Tayawet Corporation, and Nabil Loudani (collectively, the "Defendants") on November 20, 2025. (Dkt. 25). Defendants now move the Court to vacate the order of default pursuant to Federal Rule of Civil Procedure 55(c). For the reasons set forth below, Defendants' Motion to Set Aside Default [32] is denied.

## BACKGROUND

Plaintiffs Oliver Beltran Espinoza and Erik Neri Beltran filed this action to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), Illinois Minimum Wage Law ("IMWL"), and the Chicago Minimum Wage and Paid Sick Leave Ordinance ("CMWO"). (Dkt. 1). On October 24, 2025, Plaintiffs moved for entry of default against Defendants after they failed to timely answer or otherwise plead. (Dkt. 15). The Court granted Defendants an extension to file an amended answer by November 6, 2025. (Dkt. 20). On November 10, 2025, with no amended

1

answer filed, Defendants' counsel, Laxmi Sarathy, withdrew her representation due to a breakdown in communication with Defendants. (Dkts. 21, 22).

On November 20, 2025, during a status hearing, Plaintiffs' counsel informed the Court that he hadn't had any contact with Defendants or counsel for Defendants. (Dkt. 25). The Court entered an Order of Default against Defendants, set a prove-up hearing for January 2026, and ordered Plaintiffs to serve Defendants with notice of their Motion for Default Judgment. (Dkts. 25, 27). On January 13, 2026, Plaintiffs' counsel, Sarathy, and Defendant Nail Loudani appeared for the prove-up hearing. (Dkt. 30). Loudani informed the Court that he had not timely responded to the lawsuit because he was overseas, and he requested an extension of time to obtain new counsel and move to vacate the default order. The Court set a briefing schedule for this Motion and rescheduled the prove-up hearing for April 7, 2026 (Dkt. 30).

Defendants timely moved to vacate the default order after re-obtaining Sarathy as counsel. (Dkt. 32). After Plaintiffs responded to the Motion, Defendants sought an extension of time to Reply, (Dkt. 34), which the Court granted. (Dkt. 35). Defendants never filed a Reply. In their Motion to Vacate, Defendants argue that the Court should set aside the entry of default because just cause exists for doing so. (Dkt. 32 at 2).

## **DISCUSSION**

Federal Rule of Civil Procedure 55(c) provides that the "court may set aside an entry of default for good cause."[1] The moving party must show: "(1) good cause for [the] default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020) (internal quotation

---

[1] Federal Rule of Civil Procedure 60(b) also provides a mechanism by which a party can seek relief from a final judgment of default, but that Rule does not apply here as the Court has not yet "enter[ed] a final default judgment awarding damages." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009).

marks omitted). Failure to make any of those three showings is fatal to a motion to vacate. *See Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (affirming the denial of a motion to vacate where the district court "found that [the movant] was able to meet the first two requirements" but that "he did not set forth a meritorious defense"); *Pretzel & Stouffer, Chtd. v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir. 1994) ("Imperial failed to clear the first hurdle when it did not show good cause for its default. This would have been sufficient basis to refuse to vacate Imperial's default ....."). While Rule 55(c) motions are analyzed with leniency, given the Court's general "policy of favoring trial on the merits over default judgment," this does not mean that motions to set aside entries of default are granted as a matter of course. *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014) (quoting *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009)).

Defendants have not shown good cause for their default, failing the test at step one. Defendants do not contest that they were properly served nor that they were required to file an amended answer by November 6, 2025. Instead, they make the cursory argument, with no facts provided in support, that "[j]ust cause exists for this court to vacate the Motion for Default Judgment." (Dkt. 32 at 2). The only justification offered to the Court is Defendant Loudani's statement to the Court at the January 2026 hearing that he had not timely responded to the lawsuit because he was overseas taking care of his sick mother. (Dkt. 30). The Court entered an order of default after the Defendants failed to file a responsive pleading, did not communicate with their counsel after being served with the Complaint, did not attend hearings, made no attempt for over two months to find new counsel after Sarathy withdrew her representation, and missed deadlines even when they were extended. (Dkts. 21, 25, 30, 31, 35). That Loudani was abroad caring for his mother does not excuse Defendants' complete neglect. *See, e.g., Garcia v. Valet Parking Pro., LLC*, 2020 WL 733104, at *2 (N.D. Ill. Feb. 13, 2020) (denying motion to vacate default where

defendant was properly served but argued that he did not respond to lawsuit because he was travelling abroad and did not understand the complaint); *United States Sec. & Exch. Comm'n v. Benger*, 2014 WL 2198325, at *3 (N.D. Ill. May 27, 2014) (holding that "personal circumstances," including "family issues," do not constitute good cause for failing to file a responsive pleading where the defendant does not inform the court before or shortly after the deadline passes why he could not comply).

Failure to establish good cause warrants denial of the Motion. *See Trade Well Int'l v. United Central Bank*, 825 F.3d 854, 861 (7th Cir. 2016) (holding that the movant "cannot satisfy its burden to show that the default judgments should be set aside" where it "could not establish good cause for the defaults"). Defendants do not even recognize the other two requisite showings, let alone argue that they are met here. (Dkt. 32). As such, there are no grounds for the Court to set aside the entry of default. Defendants have been aware of this lawsuit since July 2025. Yet, they have inexplicably failed to take any meaningful action for over seven months despite multiple admonitions and extensions from this Court. By conducting themselves in this manner, Defendants risked, and deserve, the default they now face. *See Pascal v. Top Tier Safety, Inc.,* No. 18 C 4998, 2019 WL 2357020, at *3 (N.D. Ill. June 4, 2019).

## CONCLUSION

For the forgoing reasons, the Court denies Defendants' Motion to Set Aside Default [32].

Virginia M. Kendall
United States District Judge

Date: April 7, 2026